UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

          Plaintiff,

Case No. 2:21-cr-20058

HONORABLE STEPHEN J. MURPHY, III

v.

DOMINIQUE BUCKLEY,

          Defendant.
_____/

**ORDER GRANTING MOTION FOR ATTORNEY WITHDRAWAL [14], GRANTING MOTION TO CONTINUE SUPERVISED RELEASE VIOLATION HEARING [16], AND DENYING MOTION OPPOSING CONTINUATION OF VIOLATION HEARING [17]**

Defendant Dominique Buckley was convicted in the District of Kansas of wire fraud under 18 U.S.C. §§ 1343 and sentenced to a five-year term of probation beginning July 30, 2020. ECF 1, PgID 11, 20, 21. The Court accepted transfer of jurisdiction over Defendant's probation for the rest of his term in February 2021. ECF 2, PgID 28; *see* 18 U.S.C. § 3605.

On April 26, 2023, the Court issued a warrant for Defendant's arrest based on alleged probation violations. ECF 4; 5. Listed among the several violations in the probation violation report were new crimes Defendant allegedly committed in Indiana. *Id.* at 47. At Defendant's initial appearance and detention hearing, the magistrate judge ordered Defendant detained pending a supervised release violation hearing, which is scheduled for October 12, 2023. ECF 8; ECF 13.

1

Defendant was moved to Indiana in August 2023 for an initial appearance in the State court proceedings associated with the alleged crimes listed in the probation violation report. ECF 4, PgID 47; *see Indiana v. Buckley*, Cause 64D01-2304-F503703. The parties then informed the Court that Defendant has a pretrial conference in Indiana scheduled for November 6, 2023. *See* ECF 16, 69; ECF 17, PgID 75. Given Defendant's custody in Indiana and upcoming Indiana State court proceedings, the Government moved to continue the supervised release violation hearing. ECF 16. The Government reasoned that "continuance will give [Defendant] sufficient time to resolve his Indiana [S]tate court proceedings and will thus be in the interests of judicial economy." *Id.* at 71. The Court agrees. Due to the costs and inefficiencies associated with transporting Defendant between Indiana and Michigan for proceedings in both States, the Court will grant the motion to continue the violation hearing pending Defendant's proceedings in Indiana State court.

Defendant nevertheless opposed the adjournment. ECF 17. But Defendant's opposition appears to be an argument for rescheduling a hearing on Defendant's motion to appoint new counsel, ECF 14. *See* ECF 17, PgID 75 (Defendant "respectfully requests that the Court keep the current date of October 12, 2023 and convert it to a hearing date for [the] motion to have new counsel appointed."). Indeed, Defendant previously moved to withdraw court-appointed Attorney Natasha Webster as counsel because communication has allegedly broken down between Webster and Defendant. ECF 14, PgID 62–65. And the Government did not oppose that motion.

Factors that influence whether the Court should exercise discretion to permit an attorney to withdraw include: (1) the motion's timeliness, (2) the severity of the attorney-client conflict, and (3) "the public's interest in the prompt and efficient administration of justice." *U.S. S.E.C. v. Merklinger*, No. 08–CV–13184, 2009 WL 3498721, at *2 (E.D. Mich. Oct. 26, 2009) (citing *United States v. Mack*, 258 F.3d 548, 556 (6th Cir. 2001)).[1] Because the Court will continue the supervised release violation hearing and no other deadlines are imminent, withdrawal and appointment of new counsel do not create efficiency concerns. Further, the Court finds that the conflict is genuine. The Court will therefore grant the motion to withdraw and order the Federal Community Defender to promptly identify a panel attorney who may be appointed for Defendant.

**WHEREFORE**, it is hereby **ORDERED** that the motion to withdraw [14] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to continue the supervised release violation hearing [16] is **GRANTED.**

**IT IS FURTHER ORDERED** that the motion opposing the continuation of a violation hearing [17] is **DENIED**.

**IT IS FURTHER ORDERED** that Natasha D. Webster is **WITHDRAWN** as attorney for Defendant Dominique Buckley.

---

[1] The *Merklinger* court also mentioned a fourth factor, "the adequacy of the court's inquiry into the matter." 2009 WL 3498721, at *2. But the factor only appears to be relevant when an appellate court reviews a district court's order.

**IT IS FURTHER ORDERED** that the Federal Community Defender must promptly **APPOINT** a panel attorney to represent Defendant Dominique Buckley.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 10, 2023